(R.D. 11611)

HARPER, ROBINSON & CO. *v.* UNITED STATES

Entry No. 59676.

(Decided December 31, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

WATSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties herein:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court as follows:

1. That the involved merchandise consists of various feather articles exported from Hong Kong after the effective date of Section 6(a) of the Customs Simplification Act of 1956 (T.D. 54165); that the involved merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521); and that appraisement was accordingly made under Section 402 of the Tariff Act of 1930 as amended by the said Customs Simplification Act.

2. That on or about the date of exportation of the involved merchandise, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit f.o.b. prices, net packed, exclusive of the invoice amounts for buying commission and supervision and inspection fees.

3. That this appeal may be submitted for decision upon this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoice unit f.o.b. prices, net packed, exclusive of the invoice amounts for buying commission and supervision and inspection fees.

Judgment will issue accordingly.